UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:09-CV-00069-JHM

JENNIFER MICHAEL and                                    PLAINTIFFS
JOHN UTLEY and his wife
CRYSTAL UTLEY,

v.

NATIONWIDE MUTUAL FIRE                                  DEFENDANT
INSURANCE COMPANY.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for summary judgment [DN 33] by Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") to dismiss Plaintiffs' claim of wrongful denial of insurance coverage. Fully briefed, the matters are ripe for decision. For the reasons that follow, the motion is **GRANTED**.

### I. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the court must review the evidence in the light most favorable to the non-moving

party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). Rule 56 requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

## II. FACTUAL BACKGROUND

This controversy arises out of Nationwide's denial of a homeowner's insurance claim resulting from a home fire. On July 29, 2008 Jennifer Michael purchased a homeowner's insurance policy from Butler Insurance Agency to cover the property she was purchasing from John and Crystal Utley located in Morganfield, Kentucky. The policy, issued by Nationwide, listed Ms. Michael as the named insured and provided for coverage from July 28, 2008 through July 28, 2009. The Utleys were not named as mortgagees.

Following issuance of the policy, Nationwide completed a standard inspection of the property. The inspection uncovered several conditions which subjected the policy to cancellation. The cancellation provision of the homeowner's insurance policy provided in relevant part:

> We may cancel this policy only for the reasons stated in this condition by notifying the named insured in writing of the specific reason or reasons for cancellation and the date cancellation takes effect. This cancellation notice will be mailed to the named insured at the address shown in the policy. Proof of mailing will be proof of notice.
>
> . . . .
>
> b) When this policy has been in effect less than 60 days and is not a renewal with us, we may cancel for any reason by giving notice at least 14 days before cancellation takes effect.

2

(Def.'s Mot. Summ. J. 2-3.) In a letter dated September 10, 2008, Nationwide alleges it notified Ms. Michael that her policy was being terminated effective September 27, 2008 at 12:01 A.M. Ms. Michael denies ever receiving the termination notice.

On September 27, 2008, at approximately 11:10 P.M., the property along with Ms. Michael's personal possessions were destroyed by fire. Following the fire, Plaintiffs made a claim for coverage under the policy. Nationwide denied coverage for the loss because the policy had been cancelled. Plaintiffs subsequently initiated this action to compel Nationwide to pay out under the policy.

### III. DISCUSSION

Plaintiffs allege that their policy with Nationwide was still in effect at the time of the fire because Plaintiffs never received notice that the policy was being terminated. Defendant claims the policy had been cancelled prior to the fire because proof of mailing, and not actual notice, is sufficient to terminate a policy under Kentucky law.

As an initial matter, whether the Utleys were provided with notice that the policy was being terminated is inconsequential. "[T]he obligations arising out of a contract are due only to those with whom it is made; a contract cannot be enforced by a person who is not a party to it or in privity with it . . . ." Presnell Const. Managers, Inc. v. EH Const., LLC, 134 S.W.3d 575, 579 (Ky. 2004) (quoting 17A Am. Jur. 2d, Contracts § 425 (1991)). Therefore, "[a]s a general rule, whenever a wrong is founded upon a breach of contract, the plaintiff suing in respect thereof must be a party or privy to the contract, and none but a party to a contract has the right to recover damages for its breach against any of the parties thereto." Presnell, 134 S.W.3d at 579. Because the Utleys were not named on the policy, Nationwide was under no duty to provide them with notice that the policy

3

was being terminated. Plaintiffs have not alleged that Nationwide was at fault for excluding the Utleys from the policy. It was Butler Insurance Agency who neglected to include the Utleys, not Nationwide. Accordingly, the Utleys can not recover under the policy.

Turning to the claims by Ms. Michael, Plaintiffs have cited <u>Pense Mortgage Co. v. Stokes</u>, 559 S.W.2d 500 (Ky. Ct. App. 1977) and <u>Osborne v. Unigard Indemnity Co.</u>, 719 S.W.2d 737 (Ky. Ct. App. 1986) to support their proposition that giving notice of insurance cancellation requires proof of receipt. However, both of those cases were decided prior to enactment of K.R.S. § 304.20-320 which controls resolution of this dispute. K.R.S. § 304.20-320(2) provides:

> (2) Cancellations.
>
> (a) A notice of cancellation of insurance subject to KRS 304.20-300 to 304.20-350 by an insurer shall be in writing, shall be delivered to the named insured or mailed to the named insured at the last known address of the named insured, shall state the effective date of the cancellation, and shall be accompanied by a written explanation of the specific reason or reasons for the cancellation.
>
> (b) The notice of cancellation referred to in paragraph (a) of this subsection shall be mailed or delivered by the insurer to the named insured at least fourteen (14) days prior to the effective date of the cancellation if the cancellation is for nonpayment of premium or occurs within sixty (60) days of the date of issuance of the policy. Such notice of cancellation shall be mailed or delivered by the insurer to the named insured at least seventy-five (75) days prior to the effective date of the cancellation if the policy has been in effect more than sixty (60) days.
>
> (c) *Proof of mailing of notice of cancellation or of reasons for cancellation to the named insured at the address shown in the policy shall be sufficient proof of notice.*

Ky. Rev. Stat. Ann. § 304.20-320(2) (West 2010) (emphasis added).

Consistent with K.R.S. § 304.20-320(2), the insurance policy here clearly provides that proof of mailing is sufficient proof of notice. On facts analogous to the case at hand, this Court in

4

Riggs v. American Bankers Insurance Co. of Florida stated:

> In compliance with [K.R.S. 304.20-320(2)] . . . [t]he policy also states that proof of mailing will be sufficient proof of notice.
> Thus, for Defendant to prevail, it is not necessary to determine that Plaintiffs in fact received the notice of pending cancellation due to non-payment of premium from Defendant. Instead, it is enough to conclusively establish that Defendant has proof of mailing the notice of cancellation, as this will establish sufficient proof of notice.

2005 WL 1475639, at *3-4 (W.D. Ky. 2005). Therefore, whether Ms. Michael actually received the notice is not the issue for the Court. The only inquiry is whether there are sufficient facts to establish that Nationwide mailed Ms. Michael the cancellation notice at least 14 days.

The court in Goodin v. General Accident Fire & Life Assurance Corp., 450 S.W.2d 252 (Ky.1970) established what is required to show proof of mailing. "'Proof of mailing may be satisfied by showing compliance with business usage.'" Riggs, 2005 WL 1475639 at *4 (quoting Goodin, 450 S.W.2d at 257). However, the Goodin court put in place several "evidentiary safeguards to satisfy the need for protection of the affected party in the particular transaction concerned," which must include: "(1) a postal receipt, (2) a record certification, (3) a return address on the envelope, and (4) sending the cancellation by first class mail." Riggs, 2005 WL 1475639 at *4 (citing Goodin, 450 S.W.2d at 257).

Plaintiffs admit that "the Defendant has provided documents maintained in regular course of business indicating a letter was mailed to the Plaintiff, Jennifer Michael, on September 10, 2008." (Pls.' Resp. Mot. Summ. J. 5.) This is also supported by the record which further shows that Nationwide's business usage complies with the four safeguards prescribed in Goodin. When Nationwide begins the process of mailing cancellation notices, it prints a computer listing of intended recipients. (Def.'s Mot. Summ. J. 4.) All printed cancellation notices are then compared

5

to the computer listing to verify that the names and addresses match. Id. The notices are then inserted to envelopes and mailed via First Class Mail with Nationwide's return address visible. Id. The letters are then again checked for accuracy against the list of letters produced. Id. In conjunction with the printing of Ms. Michael's cancellation notice, Nationwide also prepared a Certificate of Mailing to evidence the date the cancellation letter was presented to the U.S. Postal Service for mailing. Id. at 11. The Certificate of Mailing was correctly addressed, contained the appropriate postage, and was stamped by the post office with the date September 10, 2008. Id. Like the defendant in Riggs, Nationwide "even went a step farther, in paying for the U.S. Postal Service to verify that each name on the computer printout corresponded with each envelope sent out." 2005 WL 1475639 at *5.

Although the "notice should have been delivered to Plaintiffs' home address by the local postal carrier, as was their custom . . . whether the notice was actually delivered is not the issue." Id at *6. Nationwide fulfilled its "statutory and policy requirements regarding notice of cancellation and proof of mailing of the notice, despite the Plaintiffs' claim that they never received the notice." Id. at 7. Summary judgment is appropriate as to Plaintiffs' claims.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment [DN 33] is **GRANTED**.

cc. Counsel of Record